IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DUSTY MUZZANA, | CV 22-116-GF-BMM |
| Plaintiff, | |
| vs. | ORDER |
| RANDY SHAFFER, KRISTA MACEK, | |
| Defendants. | |

Plaintiff Dusty Muzzana, a pretrial detainee, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) Liberally construed, Mr. Muzzana alleges violations of his First, Third, and Fifth Amendment rights. (*Id*. at 3-4.)

## I.    Motion to Proceed in Forma Pauperis

Mr. Muzzana has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Muzzana must pay the statutory $350.00 filing fee. The account statement submitted shows an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").

Mr. Muzzana will be required to pay the filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Muzzana must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Bruce*, 577 U.S. at 87. By separate order, the Court will direct the facility where Mr. Muzzana is held to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

Mr. Muzzana is a prisoner proceeding in forma pauperis; accordingly this Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).  "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id*. (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis.  *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989)(discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F. 3d 1122 (9th Cir. 2000).

### III. Factual Allegations

Mr. Muzzana is currently incarcerated at the Cascade County Detention Center. Mr. Muzzana claims that on October 21, 2021, the Defendants committed slander, theft of property, and theft of his inheritance.  (*Id*. at 4.)  It appears the Defendants are Mr. Muzzana's brother and his brother's girlfriend.  He alleges that

the Defendants coerced his mother into omitting Mr. Muzzana from her will, preventing Mr. Muzzana and his children from obtaining an inheritance. (*Id.* at 5.)

Mr. Muzzana states that as a result of these events his character has been defamed and he has suffered mental stress, anxiety, and severe depression which has required prescription anti-depressants and therapy. (*Id.*) Mr. Muzzana seeks $10,000 in compensation for his lost property, in addition to $100,000 for present and future medical expenses, the loss of his inheritance, and mental health and suffering. (*Id.*)

## IV.   Analysis

To state a plausible claim under the civil rights statute, a plaintiff must allege a violation of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Crumpton v. Gates*, 947 F. 2d 1418 (9th Cir. 1991). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action." *West v. Atkins*, 487 U.S. 42, 46 (1988); *Gritchen v. Collier*, 254 F. 3d 807, 812 (9th Cir. 2001). "[P]rivate parties are not generally acting under color of state law." *Price v. State of Hawaii*, 939 F. 2d 702, 707-08 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992). The Court must "start with the presumption that private conduct does not

constitute governmental action." *Sutton v. Providence St. Joseph Medical Center*, 192 F. 3d 826, 835 (9th Cir. 1999).

In the instant case, Mr. Muzzana sues two private individuals for their purported acts relative to a family estate and property dispute. As set forth above, to state a section 1983 claim against these Defendants, Mr. Muzzana must plead facts sufficient to raise a reasonable inference that the Defendants were state actors. He has failed to do so. In his complaint Mr. Muzzana only alleges private conduct. The state-action element in section 1983 excludes from its reach merely private conduct, no matter how wrongful. *See Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F. 3d 806, 812 (9th Cir. 2010). The Defendants are not state actors under section 1983. Though the alleged conduct of Mr. Muzzana's brother and his brother's girlfriend is no doubt upsetting to Mr. Muzzana, it is not actionable in federal court under section 1983.

Sections 1915 and 1915A of Title 28 of the U.S. Code require the dismissal of a complaint that fails to state a claim upon which relief may be granted, but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to

pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Mr. Muzzana has failed to state a claim upon which relief may be granted because the named defendants are not state actors subject to suit under section 1983. This is a defect which could not be cured by amendment; leave to amend would be futile. This matter will be dismissed.

## "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Mr. Muzzana has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Muzzana's Motion to Proceed in Forma Pauperis (Doc. 1) is

GRANTED.

2. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

4. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike because the Complaint fails to state a claim upon which relief may be granted.

DATED this 19th day of January, 2023.

*/s/ Brian Morris*
Brian Morris, Chief Judge
United States District Court